Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina , CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Lloyd Evans

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LLOYD EVANS,** | Case No.: |
| **Plaintiff,** | **COMPLAINT** |
| vs. | **AND** |
| **CREDITOR'S SPECIALTY SERVICE, INC.** | **JURY TRIAL REQUEST** |
| **Defendant.** | |

Plaintiff, LLOYD EVANS, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorneys, alleges against the Defendant, CREDITOR'S SPECIALTY SERVICES (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for damages arising from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.

**JURSIDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district under 28 U.S.C § 1391(b).

1

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in the in the City of Monterey, Monterey County, California and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation doing business in the State of California in the business of collecting on consumer debts, with its corporate address as 32023 Crown Valley Road, Acton, CA 93510 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL STATEMENT**

6. Plaintiff incurred an alleged medical debt to Open Advantage on May 15, 2007.

7. Plaintiff's alleged debt is an obligation to pay arising out of a transaction incurred primarily for personal, family, or household purposes.

8. At some point in time, the alleged debt was referred to the Defendant for the purposes of collection.

9. Defendant reported the alleged debt to the credit bureaus as having originated in December 2011.

10. Defendant began to collect on the alleged debt from Plaintiff by leaving two voicemails on Plaintiff's telephone.

11. On May 11, 2015, Plaintiff received a voicemail message from Defendant stating that the message was in relation to a file in the office and asked for a call back within two hours or if Defendant did not hear from Plaintiff that day, Defendant would start court proceedings and start garnishing wages.

12. Defendant's representative provided a call back number of 800-277-8660.

13. The telephone number of 800-277-8660 belongs to Defendant.

14. On May 17, 2015, Plaintiff received a second voicemail message from a representative of Defendant.

15. The message provided Plaintiff's file number and stated that he was following up in response to Plaintiff's willingness to enter into a payment arrangement "on the 12th." In addition, the message requested a call back within two hours or the file would go to "legal litigation" and "small claims."

16. Plaintiff received a voicemail message on May 29, 2015, May 30, 2015, and June 1, 2015 from Defendant's representative which stated it was regarding his file number and his "Experian dispute" and if the matter was not resolved, legal action would be pursued.

17. Defendant's representatives provided a call back number of 800-277-8660.

18. The telephone number of 800-277-8660 belongs to Defendant.

19. Plaintiff never called Defendant at any point in time and acknowledged that a valid debt continued to be due and owing or offered payments to make on any alleged debt.

20. Defendant's representatives failed to advise Plaintiff that Defendant was a debt collector attempting to collect a debt.

21. Defendant's representatives threatened Plaintiff with litigation on an alleged debt that was passed the applicable statute of limitations in California.

22. Defendant never filed any legal action against Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692e(11)

23. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

24. Defendant left five voicemail messages for Plaintiff in an attempt to collect on the alleged debt.

25. In none of the messages did Defendant's representatives advise that the phone call was from a debt collector attempting to collect a debt.

26. Defendant's voicemail messages are in violation of 15 U.S.C. § 1692e(11) which require the Defendant to disclose in each communication that the telephone call is from a debt collector.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e(5)

27. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

28. Defendant's representatives threatened Plaintiff that the Defendant would start court proceedings against him, initiate litigation, and file in small claims in the absence of payment.

29. Plaintiff's alleged debt is past the applicable statute of limitations in California.

30. Defendant has not initiated and never intended to initiate suit against Plaintiff.

31. Defendant's actions are in violation of 15 U.S.C. § 1692e(5) which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e(4)

32. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

33. Defendant's representative on the May 11, 2015 telephone call threatened Plaintiff with garnishment of wages if Plaintiff failed to return his call within two hours.

34. Defendant's actions violate 15 U.S.C. § 1692e(4) which prohibit the representation that the nonpayment of any debt will result in garnishment of wages unless such action is lawful and the debt collector or creditor intends to take such action.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692e(10)

35. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

36. Defendant left two voicemail messages threatening Plaintiff with the initiation of legal proceedings and garnishment of wages if the debt was not paid.

37. As Defendant did not intend to take the actions but used them to induce payment, Defendant's representations were false and in violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer.

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692e(8)

38. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

39. Defendant reported Plaintiff's alleged debt to the credit bureaus as having originated in December 2011.

40. Defendant's inaccurate reporting is a violation of 15 U.S.C. § 1692e(8) which prohibits communicating or threatening to communicate to any person credit information which is known or should be known to be false.

## COUNT VI
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CALIFORNIA CIVIL CODE § 1788.10(e)

41. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

42. Defendant's representative on the May 11, 2015 telephone call threatened Plaintiff with garnishment of wages if Plaintiff failed to return his call within two hours.

43. Defendant's actions violate California Civil Code § 1788.10(e) which prohibit the representation that the nonpayment of any debt will result in garnishment of wages unless such action is lawful and the debt collector or creditor intends to take such action.

## COUNT VII
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CALIFORNIA CIVIL CODE § 1788.13(j)

44. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

45. Defendant's representatives threatened Plaintiff that the Defendant would start court proceedings against him, initiate litigation, and file in small claims in the absence of payment.

46. Plaintiff's alleged debt is past the applicable statute of limitations in California.

47. Defendant has not initiated and never intended to initiate suit against Plaintiff.

48. Defendant's actions are in violation of California Civil Code § 1788.13(j) which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

# COUNT VIII

# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

# CALIFORNIA CIVIL CODE § 1788.13(j)

49. Plaintiff Lloyd Evans repeats the allegations contained in paragraphs 1 through 22 and incorporates them as if set forth at length herein.

50. Defendant has violated the FDCPA and has therefore violated § 1788.17 which states that violations of 15 U.S.C. § 1692e(4) and § 1692e(5) are violations of California Civil Code § 1788.17.

## JURY TRIAL DEMAND

51. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That judgment be entered in favor of Plaintiff Lloyd Evans declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered in favor of Plaintiff Lloyd Evans against Defendant for actual damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered in favor of Plaintiff Lloyd Evans against Defendant for stautory damages of $1,000 for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2);

d. That judgment be entered in favor of Plaintiff Lloyd Evans against Defendant for a violation of the Rosenthal Fair Debt Collection Practices Act;

e. That the Court award statutory damages to Plaintiff Lloyd Evans for the Rosenthal Fair Debt Collection Practices Act violations in accordance with § 1788.30(b) of the California Civil Code;

f. That the Court grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: July 21, 2015 | RESPECTFULLY SUBMITTED |
| | By: *Rory Leisinger* |
| | Rory Leisinger, Esq. |
| | 118 N. Citrus Ave, Suite B |
| | Covina , CA 91723 |
| | Tel: 626-290-2868 |
| | Rory@leisingerlaw.com |
| | Attorney for Plaintiff, |
| | Lloyd Evans |