**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LLOYD EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>CREDITOR'S SPECIALTY SERVICE INC.,<br><br>    Defendant. | Case No. 15-cv-03355-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF 15] |

Plaintiff Lloyd Evans brought this suit against Defendant, a debt collection service, for misrepresenting a debt he allegedly owes and leaving him numerous voicemails threatening legal action in violation of state and federal laws regulating debt collection. ECF 1. Defendant has failed to answer or otherwise plead and Plaintiff now moves for entry of default judgment in his favor. ECF 15. For the reasons set forth below, the Court GRANTS Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff incurred an alleged medical debt in 2007, which was transferred to Defendant at some unknown time. ECF 1, Compl. ¶¶ 6, 8. Defendant reported the debt to credit bureaus as originating in 2011 and began attempting to collect the debt in May 2015. *Id.* ¶¶ 9-11. On May 11, 2015, Plaintiff received a voicemail from Defendant stating that "Defendant would start court proceedings and start garnishing wages" if Plaintiff did not call back that day. *Id.* ¶ 11. Less than a week later, Plaintiff received a second voicemail from Defendant, purportedly a follow-up on Plaintiff's earlier willingness to enter into a payment arrangement—a willingness Plaintiff neither had nor expressed—and stating that Plaintiff's file would go to "legal litigation" and "small claims" if he did not call back within two hours. *Id.* ¶¶ 15, 19. Defendant left Plaintiff similar

voicemail messages on May 29, May 30, and June 1, 2015. *Id.* ¶ 16.

Plaintiff filed this suit against Defendant on July 21, 2015, alleging Defendant's debt collection activities violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* Plaintiff seeks statutory damages, attorneys' fees, and costs.

Plaintiff served a copy of the summons on Defendant's designated agent on August 4, 2015 through a registered process server. *See* ECF 12. After Defendant failed to answer or otherwise plead within 21 days of service, Plaintiff requested Entry of Default on September 3, 2015, ECF 13, and the Clerk entered a Notice of Entry of Default on September 10, 2015. ECF 14. Plaintiff now seeks default judgment against Defendant. ECF 15.

**II.     LEGAL STANDARD**

In considering whether to enter a default judgment, a district court first must determine whether it has jurisdiction over the case. *See In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). Next, the Court must "assess the adequacy of the service of process on the party against whom default is requested." *Walters v. Statewide Concrete Barrier, Inc., No.* C-04-2559 JSW MEJ, 2006 WL 2527776, at *2 (N.D. Cal. Aug. 30, 2006). Pursuant to Federal Rule of Civil Procedure 55(b), a court may then grant default judgment against a defendant who has failed to plead or otherwise defend an action.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a district court  considers seven factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72  (9th Cir. 1986) ("*Eitel* factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. In considering these factors after a clerk's entry of default, the court takes all well-pleaded factual allegations in the

complaint as true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

### B. Service of Process

Service of process was sufficient against Defendant. Plaintiff effected service on Dianna Mayberry, an agent authorized to receive service for Defendant, pursuant to Federal Rule of Civil Procedure 4(h). *See* ECF 12.

### C. *Eitel* Factors

Upon balancing the *Eitel* factors, the Court finds that the factors weigh in favor of granting default judgment.

First, Plaintiff would suffer prejudice if default judgment were denied because Defendant has elected not to respond to the complaint, thereby denying Plaintiff his right to have his claim heard and to seek relief from unlawful debt collection activities. This factor weighs in favor of granting default judgment.

The second and third factors, addressing the merits and sufficiency of the complaint, also weigh in favor of the Court granting default judgment. Together, these factors require "plaintiffs' allegations [to] state a claim on which the [plaintiff] may recover." *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. 1996); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff's allegations state such a claim here.

The FDCPA and RFDCPA prohibit debt collectors from making false representations, threatening legal action if it is not intended or cannot legally be taken, and threatening wage garnishment if it is not permitted by law. *See* 15 U.S.C. §§ 1692e(4), (5), (10); Cal. Civ. Code §§ 1788.10(e), 1788.13(i), 1788.13(j). Plaintiff alleges that Defendant engaged in these prohibited activities by misrepresenting his debt as originating in 2011 and threatening litigation not

3

permitted by law. *See* Cal. Civ. Proc. Code § 337 (establishing four-year statute of limitations for such litigation); Cal Civ Code § 1788.56 ("A debt buyer shall not bring suit or initiate an arbitration or other legal proceeding to collect a consumer debt if the applicable statute of limitations on the debt buyer's claim has expired."). Thus, the second and third factors weigh in favor of default judgment.

The fourth *Eitel* factor considers the amount of money at stake in the action. *Eitel*, 782 F.2d at 1472. When the money at stake "is substantial or unreasonable, default judgment is discouraged." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (citation omitted). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (internal quotation marks and citation omitted) (finding plaintiff's request for $2 million in statutory damages reasonable because the statute permitted it). Here, Plaintiff seeks $5,184.00, including the maximum statutory awards under the FDCPA and RFDCPA. Because this amount is neither substantial nor unreasonable and the statutory damages are tied to Defendant's misconduct, the fourth factor weighs in favor of default judgment.

The fifth factor—the possibility of a dispute concerning material facts—and the sixth factor—whether the default was due to excusable neglect—also weigh in favor of default judgment. The Defendant has made no effort to challenge the complaint; therefore, there is nothing on the record before the Court to suggest a factual dispute or that default was due to excusable neglect.

The final factor of public policy favoring a decision on the merits also weighs in favor of entering default judgment. "[T]he preference to decide cases on the merits does not preclude a court from granting default judgment," because Federal Rule of Civil Procedure 55(a) permits courts to terminate cases before a hearing on the merits when a defendant fails to defend an action. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citing *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Defendant's choice not to appear in the action makes litigation on the merits "impracticable, if not impossible." *Id.* The Court therefore GRANTS Plaintiff's motion for entry of default judgment.

4

### D. Scope of Relief

#### i. Statutory Damages

The FDCPA provides for statutory damages of up to $1000. 15 U.S.C. § 1692k(a)(2)(A). Similarly, the RFDCPA provides for statutory damages which "shall not be less than $100 nor greater than $1,000." Cal. Civ. Code § 1788.30(b). In determining the appropriate damages under the FDCPA, a court may consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Damages may be awarded cumulatively under both statutes. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-68 (9th Cir. 2011); *see also* 15 U.S.C. § 1692n, Cal. Civ. Code § 1788.32.

This district has previously awarded $400 under each statute for a single voicemail that was deceptive in nature. *See Smith v. Simm Associates, Inc.*, No. C12-4622 TEH, 2013 WL 1800019, at *2 (N.D. Cal. Apr. 29, 2013) ("The script of the call makes it clear that the caller attempted to hide the nature of the call"). This district has also found statutory damages of $1,000 under each statute appropriate where a defendant made two phone calls to a plaintiff that threatened criminal prosecution and another phone call to plaintiff's workplace representing that defendant was from the "D.A.'s Office." *See Ortega v. Griggs & Associates LLC*, No. 5:11-CV-02235-EJD, 2012 WL 2913202, at *1 (N.D. Cal. July 13, 2012).

Here, Defendant's conduct is worse than the violations of *Smith* but less egregious than those in *Ortega*. Defendant's repeated voicemails to Plaintiff show frequent disregard for the requirements of the FDCPA and RFDCPA. Defendant threatened legal action at the end of each phone call and falsely represented itself in its voicemails. Accordingly, the Court GRANTS the motion for statutory damages as modified: $700 under the FDCPA and $700 under the RFDCPA.

#### ii. Attorneys' Fees and Costs

The FDCPA and RFDCPA also both provide for an award of fees and costs to the prevailing plaintiff. 15 U.S.C. 1692k(a)(3); Cal. Civ. Code § 1788.30(c). "District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Martell v. Baker*, No. 14-CV-04723-BLF, 2015 WL

5

3920056, at *1 (N.D. Cal. June 25, 2015) (quoting *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008)). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal quotation marks omitted). When determining the reasonable hourly rate, the court must weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 886 (1984). When considering the hours expended, "[i]t is inadequate for the Court to 'uncritically' accept the plaintiff's representations . . . rather, the Court must assess the reasonableness of the hours requested." *Id.* at *1 (quoting *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 (9th Cir. 1984)).

Plaintiff's Affidavit of Time and Expense, ECF 15-3, seeks $2,715 in attorneys' fees to compensate counsel for 8.7 hours of attorney time and 1.2 hours of paralegal time. Mr. Leisinger, counsel for Plaintiff, asks the Court to apply an hourly rate of $320 for his time. He suggests $320 is reasonable based on his legal experience—nearly eight years of post-graduate experience—and this Court's awards of similar hourly rates for attorneys in FDCPA cases. *See* ECF 15-2, Leisinger Decl., ¶¶ 2, 11. The Court agrees. *See, e.g., Martell* 2015 WL 3920056 at *2 (finding $400 hourly rate reasonable for attorney who specializes in consumer credit litigation and has approximately seven years of experience); *see also Forkum v. Co-Operative Adjustment Bureau, Inc.,* No. C 13-0811 SBA, 2014 WL 3827955, at *1 (N.D. Cal. Aug. 4, 2014) (finding $290 hourly fee reasonable for Mr. Leisinger in 2014). The Court also finds the $100 hourly rate for paralegal time to be reasonable on the basis of rates previously deemed reasonable in the area. *See, e.g., Forkum*, 2014 WL 3827955, at *1 (N.D. Cal. Aug. 4, 2014) (finding $145 hourly rate reasonable for paralegal in the Northern District on the basis of declarations from three local consumer protection attorneys).

The Court next considers Plaintiff's representations concerning hours expended. Having reviewed Plaintiff's Affidavit, the Court finds the total hours expended reasonable with two exceptions. First, the Court deletes 0.6 hours out of the one hour that Plaintiff's attorney billed at

6

$320 for filing on ECF. "Hours billed for tasks that are clerical in nature, such as filing, transcript, and document organization time should be a part of the attorney's overhead rather than part of the hours billed. *Martell*, 2015 WL 3920056, at *3 (quoting *Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009)). The Court reduces the total attorney hours expended on filing four ECF docket entries to 0.4 hours.[1]

Second, the Court eliminates one hour expended on drafting this motion based on numerous inconsistences in the motion. Specifically, Plaintiff appears to seek fees totaling at least four different amounts—the $2,715.00 listed in Plaintiff's affidavit and attorney declaration, *see* ECF 15-2 and 15-3, the $2,978 requested on pages 3 and 6 of the memorandum filed in support of this motion, *see* ECF 15-1 at 3,6, and the $2,880 requested on page 10 of the memorandum, *id.* at 10. Furthermore, in his notice of motion, Plaintiff requests attorneys' fees of "two thousand nine hundred seventy-eight dollars," which is immediately followed by the number "2,715" in parentheses. Pl.'s Mot. at 2. Finally, multiplying the recorded hours (8.7 hours of attorney time and 1.2 hours of paralegal time) by the asserted hourly fees ($320 and $100, respectively) listed in Plaintiff's affidavit would result in $2,904, a number not requested anywhere. *See* ECF 15-3.

In light of these inconsistencies, it appears that Plaintiff's attorney had difficulty in correctly formatting his papers from a previous motion for default judgment. "While the Court does not intend to criticize Plaintiff's counsel for choosing not to reinvent the wheel every time a fair debt collection action is brought . . . it is unlikely that such duplicative work would be billed to a client." *Martell*, 2015 WL 3920056, at *2 (internal quotation marks omitted). Thus, the Court reduces the hours spent on this motion from two to one.

Combining the two reductions, the Court reduces Plaintiff's attorney time by 1.6 hours to a total of 7.1; multiplying that number by the applicable hourly rate of $320 and combining it with the $120 in fees for paralegal time, the Court GRANTS the motion for an award of fees as modified and awards attorneys' fees in the amount of $2,392. The Court additionally awards costs

---

[1] The Court reduces the following entries to 0.1 hour each: 0.3 hours on 7/21/15 for filing the complaint, 0.2 hours on 8/20/15 for filing the magistrate consent form, 0.3 hours on 9/3/15 for filing the executed summons and request for default, and 0.2 hours on 11/10/15 for filing the motion for default judgment.

in the requested amount of $469, and statutory damages in the amount of $1,400 as determined above, for a total of $4,261. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 24, 2016

_____
BETH LABSON FREEMAN
United States District Judge